FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 06 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---x

MARC TUCKER,

Petitioner,

- against -

P. HEATH, Superintendent,

Respondent.

---x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-02126 (CBA)

AMON, Chief United States District Judge.

Petitioner Marc Tucker, proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his New York state convictions of assault and criminal possession of a weapon. Following this Court's grant of a stay to allow Tucker to pursue unexhausted claims in state court, Tucker now requests permission to amend his petition and reopen this habeas proceeding. (DE #16.) For the reasons stated below, the Court grants Tucker's request to amend his petition provided it reflects only those claims actually exhausted in state court.

## DISCUSSION

In his initial habeas petition, filed May 5, 2010, Tucker challenged his conviction claiming (1) that evidence was admitted in violation of the Confrontation Clause, and (2) that he was denied access to the full record of his criminal proceedings on appeal in violation of due process. Respondent, in his opposition papers filed on October 29, 2012, pointed out that although Tucker's petition was timely and his Confrontation Clause claim exhausted, Tucker had not exhausted his due process claim. (DE #9.) In his reply, Tucker clarified that his claim that he was denied full access to his criminal trial record was in fact one aspect of a broader

complaint that his appellate counsel did not provide effective assistance. Appellate counsel, Tucker explained, was ineffective because she failed to: (1) obtain necessary documents on his behalf, (2) appeal the trial court's denial of trial counsel's request for a mistrial, and (3) appeal the trial court's decisions made at a suppression hearing. Recognizing that he had not exhausted these claims, Tucker requested a stay to return to state court to do so. (DE #11.) On September 19, 2011, this Court granted Tucker's request for a stay and directed him to return to this Court once he exhausted his claims to move to file an amended habeas petition within thirty days of a final state court decision. (DE #12.)

On December 5, 2011, Tucker filed a writ of error coram nobis in the Appellate Division, Second Department, claiming that his appellate counsel provided ineffective assistance. In his submission, he asserted that his appellate counsel failed to appeal the trial court's refusal to grant a mistrial based on the improper admission of the detective's hearsay testimony of ten witnesses, an admission that ultimately denied Tucker a full and fair opportunity to present an adequate defense. He did not, however, argue that his appellate counsel was ineffective in either failing to obtain trial records on his behalf or failing to appeal the trial court's suppression hearing decisions. (DE #15.)

On May 15, 2012, stating that "appellant has failed to establish that he was denied the effective assistance of appellate counsel," the Appellate Division denied Tucker's application for a writ of error coram nobis. People v. Tucker, 943 N.Y.S.2d 897 (2d Dep't 2012). On August 24, 2012, the New York Court of Appeals denied his application for leave to appeal. People v. Tucker, 951 N.Y.S.2d 897 (2012). Tucker's instant request to submit an amended habeas petition, dated September 21, 2012, was subsequently timely filed. See Houston v. Lack, 487 U.S. 266, 275 (1988) (holding pro se prisoner's notice of habeas appeal "was filed at the time

petitioner delivered it to the prison authorities for forwarding to the court clerk"); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (extending prison mailbox rule to filing of habeas petitions). Accordingly, the Court grants Tucker thirty (30) days from the date of this Order to file an amended petition for a writ of habeas corpus that includes all claims that he has properly exhausted.

As Tucker prepares his amended petition, the Court notes that in his recent petition for a writ of error coram nobis, Tucker exhausted only his claim that his appellate counsel was ineffective because she failed to appeal the trial court's denial of trial counsel's request for a mistrial. He did not raise either his complaint that appellate counsel failed to obtain necessary documents on his behalf or his charge that she failed to appeal the trial court's decisions made at a suppression hearing. Were he to include either of these claims in his amended petition, the Court would be again presented with a mixed petition. In that event, the Court's only available courses of action under the circumstances of this case would be to dismiss the entire petition or to allow Tucker an opportunity to withdraw the unexhausted claims.

Where a habeas petition presents both exhausted and unexhausted claims, the district court may "exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The grant of a stay, however, not only frustrates the objectives of "encouraging finality" and "streamlining federal habeas proceedings," it also "effectively excuses a petitioner's failure to present his claims first to the state courts." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). As a result, a stay and abeyance of a mixed petition is appropriate only in the "limited circumstances" where there is "good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the prisoner has not

engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. If a court confronted with a mixed petition determines that stay is inappropriate, it "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

Since Tucker would be unable to demonstrate good cause for his failure to exhaust his outstanding claims of ineffective assistance of appellate counsel, the grant of an additional stay in this case would be inappropriate. The Court already granted a stay to allow Tucker to exhaust his ineffective assistance of appellate counsel claims and is aware of no reason why he could not have raised all his complaints about his appellate counsel in his recent writ of error coram nobis. Accordingly, should Tucker choose to include these unexhausted claims in his amended petition, the Court would either dismiss the entire petition without prejudice or allow Tucker an opportunity to withdraw any unexhausted claims.[1] It is important to note that a dismissal at this time would effectively deprive Tucker of all federal habeas review because, pursuant to the one-year statute of limitations for actions brought under 28 U.S.C. § 2254, any subsequent re-filing of this petition would likely be time-barred. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (filing of federal habeas petition does not toll its one-year statute of limitations). Proceeding with Tucker's exhausted claims only, meanwhile, would have the effect of making any later petition filed by Tucker, including one asserting either of the currently unexhausted claims, a "second or successive" petition subject to the strict limitations on such petitions. See 28 U.S.C.

[1] The Court notes that it may also dismiss any unexhausted claims on the merits, a course of action here that would be effectively the same as proceeding with Tucker's exhausted claims only. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The Court, however, would consider this path only if the claim is "patently frivolous or if it is perfectly clear that it does not raise even a colorable claim." Ramos v. Keane, No. 98 Civ. 1604, 2000 WL 12142, at *5 (S.D.N.Y. Jan. 6, 2000) (internal quotation marks and citation omitted).

§ 2244(b); Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005); Reyes v. Phillips, No. 02 Civ. 7319, 2005 WL 2173812, at *8 (S.D.N.Y. Sept. 6, 2005).

## CONCLUSION

For the foregoing reasons, the Court grants Tucker thirty (30) days from the date of this Order to file an amended petition for a writ of habeas corpus that includes all claims that he has properly exhausted. The Court notes further that should Tucker attempt to seek review of any unexhausted claims in his amended petition, it is unlikely that the Court will grant him an additional stay given that the Court has already afforded him an opportunity to pursue unexhausted claims. Within thirty (30) days of this Order, Tucker shall also file a memorandum of law in support of the claims set forth in the amended petition. Within thirty (30) days of receipt of Tucker's amended petition and memorandum of law, respondent shall show cause before this Court by the filing of a return to the petition, why a writ of habeas corpus should not be issued and serve a copy of the return on Tucker. Tucker, within thirty (30) days of receipt of a copy of the return, shall file his reply, if any, with the Clerk of Court.

SO ORDERED.

Dated: Brooklyn, New York
November 6, 2012

/S/ Chief Judge Amon

Carol Bagley Amon
Chief United States District Judge