FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 2 3 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARC TUCKER,

                Petitioner,           NOT FOR PUBLICATION
                                         **MEMORANDUM & ORDER**

- against -                           10-CV-02126 (CBA)

P. HEATH, Superintendent,

                Respondent.
-----------------------------------------------------------------x
AMON, Chief United States District Judge.

Petitioner Marc Tucker, proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his New York state convictions of assault and criminal possession of a weapon. By letter dated December 3, 2012, Tucker informed this Court that he was abandoning his remaining unexhausted claims and requested that the Court "make inclusive" with his habeas petition the one claim exhausted while this action was stayed for further state court proceedings. (DE #18.) As discussed in greater detail below, the Court construes Tucker's recent submissions as amending his habeas petition to include only his exhausted claims and directs respondent to respond according to the schedule set forth below.

## DISCUSSION

In his initial habeas petition, filed May 5, 2010, Tucker challenged his conviction claiming (1) that evidence was admitted in violation of the Confrontation Clause, and (2) that he was denied access to the full record of his criminal proceedings on appeal in violation of due process. Tucker subsequently clarified that the latter claim was in fact one aspect of a broader complaint that his appellate counsel did not provide effective assistance. Appellate counsel, Tucker explained, was ineffective because she failed to: (1) obtain necessary documents on his

behalf, (2) appeal the trial court's denial of trial counsel's request for a mistrial, and (3) appeal the trial court's decisions made at a suppression hearing. Recognizing that he had not exhausted these claims, Tucker requested a stay to return to state court, a request this Court granted on September 19, 2011. (DE #11; DE #12.)

On December 5, 2011, Tucker filed a writ of error coram nobis in the Appellate Division, Second Department, claiming that his appellate counsel provided ineffective assistance. In his submission, he asserted that his appellate counsel failed to appeal the trial court's refusal to grant a mistrial based on the improper admission of the detective's hearsay testimony of ten witnesses, an admission that ultimately denied Tucker a full and fair opportunity to present an adequate defense. He did not, however, argue that his appellate counsel was ineffective in either failing to obtain trial records on his behalf or failing to appeal the trial court's suppression hearing decisions. (DE #15.) On May 15, 2012, the Appellate Division denied Tucker's application for a writ of error coram nobis. People v. Tucker, 943 N.Y.S.2d 897 (2d Dep't 2012). On August 24, 2012, the New York Court of Appeals denied his application for leave to appeal. People v. Tucker, 951 N.Y.S.2d 897 (2012).

In a letter dated September 21, 2012, Tucker wrote to the Court seeking to re-open this habeas proceeding. (DE #17.) Noting that Tucker had exhausted in the recent state proceedings only his claim that his appellate counsel was ineffective because she failed to appeal the trial court's denial of trial counsel's request for a mistrial, the Court directed Tucker to file an amended habeas petition that included only properly exhausted claims. (DE #17.) In a letter dated December 3, 2012, Tucker affirmed that he was withdrawing the two ineffective assistance of appellate counsel claims that he did not exhaust and requested that the Court "make inclusive" with his habeas petition the one claim that he did exhaust.

2

## CONCLUSION

Accordingly, the Court allows Tucker's habeas petition to proceed on two grounds: (1) that evidence was admitted during his trial in violation of the Confrontation Clause, and (2) that his appellate counsel did not provide effective assistance because she failed to appeal the trial court's denial of trial counsel's request for a mistrial. Within thirty (30) days of this Order, respondent shall show cause before this Court by the filing of a return to the petition, why a writ of habeas corpus should not be issued and serve a copy of the return on Tucker. Tucker, within thirty (30) days of receipt of a copy of the return, shall file his reply, if any, with the Clerk of Court.

SO ORDERED.

Dated: Brooklyn, New York
January 23, 2013

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge